UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HUGO ADRIAN VILLAR CASTELLANOS; *et al* <br><br> *Plaintiffs,* <br><br> v. <br><br> KRISTI NOEM, *et al.* <br><br> *Defendants.* | Civil Action No. 25-cv-80 |

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... 5

TABLE OF AUTHORITIES ..................................................................................... 2-4

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS .................. 5

I.   INTRODUCTION ............................................................................................... 5

II.  STATEMENT OF THE ISSUES .................................................................... 5-6

III. STANDARD OF REVIEW............................................................................. 6-7

IV.  BACKGROUND ........................................................................................... 8-11

V.   THE CONDUCT IS CAPABLE OF REPITITION EVADING REVIEW ....... 11-13

VI.  REDRESSABILITY IS NOT ELIMINATED BY TECHNICAL LIMITATIONS
     ............................................................................................................................ 13

VII. DUE PROCESS CLAIMS ARE STILL LIVE AND REDRESSABLE ............. 14

XVIII. DECLARATORY RELIEF IS AN IMPORTANT TOOL IN APA ACTIONS
     ...................................................................................................................... 15-18

IX.  CONCLUSION.................................................................................................. 18

Signature Block /s/ Marlene A. Dougherty *Attorney for Plaintiffs* ........................... 18

VERIFICATION BY UNSWORN DECLARATION .................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) .......................................................... 7
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) ............................................ 7
*Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 75, n. 20, 98 S.Ct. 2620, 2631, n. 20, 57 L.Ed.2d 595 (1978) ........................................... 17
*Fikre v. FBI,* 601 U.S. 234, 241 (2024) ........................................................................ 12
*Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015) ............................................. 13
*Franklin v. Massachusetts*, 505 U.S. 788, 803, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992) .......................................................................................................................... 17
*Friends of the Earth v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) .... 11-12
*Gegiow v. Uhl,* 239 U.S. 3, 9 (1915) .............................................................................. 8
*Greater Baltic Center for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltic*, 721 F.3d 264, 281 (4th Cir. 2013) ................................................................. 7
*Humphries v. Various Federal USINS Employees*, 164 F. 3d 936 (5th Cir. 1999) ... 14
*Ins. Servcs. Of Beaufort v. Aetna Cas. Ins. And Sur.,* 966 F.2d 847, 851-852 (4th Cir. 1992) ............................................................................................................... 15, 17
*Jie Fang v. Director USICE*, 935 F. 3d 172, n. 100 (3rd Circuit 2019) ..... 10 n.4, 13-14
*Krim v. PCOrder.Com, Inc.,* 402 F.3d 489, n. 21 (5th Cir. 2005) ................................. 6
*Loper Bright Enterprises v. Raimondo,* 144 S. Ct. 2244 (2024) .................................. 8
*Louisiana v. U.S. Dept. of Energy*, 90 F.4th 461, 467 (5th Cir. 2024). ........................ 6
*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996) ........... 7
*Lujan v. Defenders of Wildlife,* 504 U.S. 555, [560-62], 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ............................................................................................................. 6-7
*Manzo-Hernandez v. Juarez*, No. 5:20-CV-95, ECF 28, at 7 (S.D. Tex. Nov. 12, 2020) ....................................................................................................................... 16
*Matthews v. Diaz*, 426 U.S. 67, 77-78 (1976) .............................................................. 14
*Perry v. Sindermann*, 408 U.S. 593, 601–03 (1972) .................................................. 15
*RAICES v. Noem,* Case No. 25-306, 8 (D.D.C. July 2, 2025). ..................................... 8
*Shah, et al. v. Lyon,* 4:2025-cv-03549, ECF 31 (N.D. CA 2025) ................................. 12
*Sherwin-Williams v. Holmes City*, 343 F.3d 383, 387 (5th Cir. 2003) ................... 16-17
*Snider v. L-3 Comms. Vertex Aerospace, L.L.C.,* 946 F.3d 660 666-667 (5th Cir. 2019) .............................................................................................................................. 7
*Speech First, Inc. v. McCall,* Case No. 23-50633 (5th Cir. May 15, 2025) ............ 12-13
*Student Doe v. Trump*, 25-cv-4188, 9-10 (N.D. IL-SLE) May 8, 2025) ................. 9 n.1
*Town of Chester v. Laroe Estates, Inc.* 581 U.S. 433, 439 (2017) ............................... 6
*U.S. ex rel. Accardi v. Shaunessy,* 347 U.S.260, 266-267 (1954) ........................... 8, 15

*United States v. Mitchell*, 463 U.S. 206, 212 & n. 10, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) .................................................................................................................... 14
*United Teachers Assoc. v. Union Labor Life Ins.,* 414 F.3d 558, 569-570 (5th Cir. 2005) ........................................................................................................................ 17

## Statutes

*Administrative Procedures Act* (*APA*) ..................................................... 6-7, passim
*declaratory judgment action* (*DJA*) pursuant to 28 U.S.C. §§2201-2202. ............ 15-17
*Equal Access to Justice Act* (*EAJA*) ................................................................... 6
*Immigration and Nationality Act* (*INA*) ............................................................... 8
5 U.S.C. §701, *et seq.* .................................................................................. 8, 17
§701(b)(1) and §702 ........................................................................................ 8
5 U.S.C. §703 ................................................................................................ 15
5 U.S.C. §706 ......................................................................................... 8, 15-16
8 U.S.C. §1103(a) ............................................................................................ 8
§1103(a)(3) .................................................................................................... 8
28 U.S.C. § 1346(a)(2) - the Little Tucker Act ...................................................... 14
28 U.S.C. §§1331, 1346 ................................................................................... 6
28 U.S.C. §1346 ............................................................................................ 14
28 U.S.C. §1746 ........................................................................................ 7, 19
28 U.S.C. §2201-2202 ................................................................................ 14-16
§2201 ........................................................................................................... 17

## Regulations

8 C.F.R. §214.1(d) ................................................................................... 9, 10 n.4
8 C.F.R. §214.1(e)-(g) ...................................................................................... 10

## Rules

*Fed. R. Civ. Proc.* 10 ........................................................................................ 7
Rule 12(b)(1) ................................................................................................. 5-6
Rule 12(b)(6) ................................................................................................. 5, 7
*Fed. R. Civ. Proc.* 12(d) .................................................................................... 7

## Other Authorities

*Annual Report to Congress,* 62, Grading DHS's Support of International Student Programs (June 2021) ................................................................................. 11
CBP Inspector's Field Manual, 186-187 (AILA 2007) ............................................ 11
*DHS/ICE/PIA*-001(c), 11 (June 15, 2017) ................................................. 11, 11 n.5
ECF 5 ........................................................................................... 7, 9-10, 13-15
ECF 11 through 11-17 ..................................................................................... 10
ECF 17, and 18, at ¶16 .................................................................................... 10

3

ECF 18, & 19 - P's Ex. Q ................................................................................................ 9 n.1
ECF 19-2 ........................................................................................................................ 13
ECF 22 ............................................................................................................................ 11
ECF 24 ............................................................................................................................ 13
ECF 28 ..................................................................................................................... 11, 15
ECF 32-34 ...................................................................................................................... 13
ECF 38 ..................................................................................................................... 6, 10-12
ECF 38, at 1-2 ................................................................................................................ 10
ECF 38, at 3 ..................................................................................................................... 5
ECF 39 .............................................................................................................................. 6
ECF 39-2 ........................................................................................................................ 12

## Constitutional Provisions

*Constitution* .............................................................................................................. 6, 13
Art. I §8, cls. 3-4, 9 and 11, U.S. Const. ......................................................................... 8
Art. III. ............................................................................................................................. 6
*Fifth Amendment* ..................................................................................................... 6, 13

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HUGO ADRIAN VILLAR CASTELLANOS; *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> KRISTI NOEM, *et al.*, <br><br> *Defendants.* | Civil Action No. 1:25-cv-80 |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

1.  Defendants argue that this Court should dismiss the case under Rules 12(b)(1) and 12(b)(6) because "(1) most of the relief" "has" "been addressed by the Court," (2) Plaintiffs "lack standing" due to redressability, and (3) declaratory relief should be denied under the Court's discretion. Each of these arguments fails.

### II. STATEMENT OF THE ISSUES

2.  The Court retains jurisdiction to declare the Agency action unlawful even when the Agency agreed to reverse the action complained of. ECF 5 ¶136. At this juncture it is impossible to tell if the act is a reversal or a mere postponement. The action is capable of repetition evading review.

5

3. The Court retains jurisdiction to declare that the termination of Plaintiffs' SEVIS status was unlawful because it was done without due process under 28 U.S.C. §§1331, 1346, the *Fifth Amendment* to the *Constitution of the United States of America* and/or under the *Administrative Procedures Act* (*APA*).

4. The Court has already ordered the restoration of plaintiffs SEVIS Records to reflect the retroactive nature of the restoration. The notations regarding the same are not visible to the end users of the SEVIS System. The Court may order further relief as a remedy, the letter offered by the defendants to the plaintiffs as a remedy, while circumventing counsel, is unsigned and inadequate to serve the purpose they proposed to plaintiffs. ECF 38, at 3. ECF 39 sealed exhibit.

5. The Court may award attorney fees as costs under the *Equal Access to Justice Act* (*EAJA*).

## III. STANDARD OF REVIEW

6. Defendants assert Rule 12(b)(1) as to Constitutional standing. When deciding a case's Art. III. Jurisdiction all claims and forms of relief must be individually considered. *Town of Chester v. Laroe Estates, Inc.* 581 U.S. 433, 439 (2017). In a case, such as this one, when there are multiple plaintiffs at least one must have standing to seek each form of relief requested. *Louisiana v. U.S. Dept. of Energy*, 90 F.4th 461, 467 (5th Cir. 2024). The "burden of proof [on standing, as with any claim] is a preponderance of the evidence." *Krim v. PCOrder.Com, Inc.*, 402 F.3d 489, n. 21 (5th Cir. 2005), citing, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, [560-62], 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (specific facts can be established by

6

evidence in the record, or by affidavit). Anywhere an affidavit can be used, it can be replaced by an unsworn declaration under 28 U.S.C. §1746. *Id.* The active Complaint and this motion are verified by unsworn declaration and all facts alleged in them can be considered evidence. *Id.* All can be proven at trial.

7. Defendants also assert Rule 12(b)(6). *Fed. R. Civ. Proc.* 10, provides that statements in a complaint may be incorporated to another part of the complaint by reference. While a formulaic recitation of the elements of a claim are insufficient by the *Twombly* and *Iqbal* standards, when facts are incorporated into a claim by reference the claim cannot be said to be formulaic and the Court must assume that the plausible factual allegations are true even if it is difficult to believe that a Government official or Agency would ignore the dictates of the law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). In ruling on a 12(b)(6) motion the Court considers only the four corners of the complaint (ECF 5) and must take all material facts as true resolving all inferences in favor of the plaintiffs. *Fed. R. Civ. Proc.* 12(d). The Court can decide not to considered extrinsic evidence even if asked to do so. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996). Where the Court will consider extrinsic evidence notice should be given and allowed an opportunity to take reasonable discovery. *Greater Baltic Center for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltic*, 721 F.3d 264, 281 (4th Cir. 2013). *Snider v. L-3 Comms. Vertex Aerospace, L.L.C.,* 946 F.3d 660 666-667 (5th Cir. 2019). The Court should compel the filing of the administrative record in this case. 5 U.S.C. §701, *et seq.*

## IV. BACKGROUND

8. The Secretary of Homeland Security is tasked with the administration and enforcement of the immigration laws, with exceptions; it is Congress that establishes the immigration laws conferring such authority. 8 U.S.C. §1103(a); Art. I §8, cls. 3-4, 9 and 11, U.S. Const. The Secretary of Homeland Security in conformance with those laws enacted by Congress may create regulations consistent with the laws it administers. §1103(a)(3). Nothing in the *Immigration and Nationality Act* (*INA*) provides the Executive:

> "with the unilateral authority to limit the rights of aliens present in the United States to apply for asylum. Nor can Article II's Vesting Clause or Article IV's Invasion Clause be read to grant the President or his delegees authority to adopt an alternative immigration system, which supplants the statutes that Congress has enacted and the regulations that the responsible agencies have promulgated." *RAICES v. Noem,* Case No. 25-306, 8 (D.D.C. July 2, 2025).

When an Agency overreaches its authority, e.g. acting inconsistent with the laws, an injured person can file a Complaint under the *Administrative Procedures Act* (*APA*). 5 U.S.C. §701, *et seq.* (waiving immunity at §701(b)(1) and §702); *Loper Bright Enterprises v. Raimondo,* 144 S. Ct. 2244 (2024) (the Courts decide what the law says); *Gegiow v. Uhl,* 239 U.S. 3, 9 (1915) (exceed authority when ignore due process); *U.S. ex rel. Accardi v. Shaunessy,* 347 U.S.260, 266-267 (1954), (cannot interfere with regulatory procedures) limited on other grounds. Review under the *APA* requires that the whole of the administrative record be made available because it is the basis for review in this case. 5 U.S.C. §706.

8

9. The Plaintiffs in this case are five, of thousands of, International F-1 Students who without notice, contrary to regulation and Agency guidance, and based on National Crime Information Center (NCIC) records were identified as "criminal" without an individualized evaluation of their cases had their SEVIS Records terminated, some had their visas revoked[1]. On April 15, 2025, four plaintiffs filed suit to challenge the Department of Homeland Security's (DHS) termination of their SEVIS records without notice and as being "identified in a criminal database and/or has had their visa revoked." ECF 5, at ¶2. An amended Complaint was filed the following day adding a plaintiff with the same grievances. ECF 5, at ¶¶1-3. At all relevant times of the incidents Complained of[2] the SEVIS records are evidence of the ability to remain lawfully in the United States in F-1 student status and maintain employment with the university even if a visa is revoked.[3] ECF 5 ¶38. Their university notified them of the terminations which also immediately terminated their ability to continue their employment with the University. ECF 5, at ¶¶4-6.

10. None of the plaintiffs has committed an act that would have made them deportable and DHS' action was without regard to procedure for removing a person they want to deport. *Id.,* at ¶ 7-8, and 31-42. Instead the attempt to circumvent the law and have the Plaintiffs leave the U.S. of their own accord was *ultra vires* to 8 C.F.R. 214.1(d) which only allows termination in very limited circumstances

---

[1] See, ECF 18, & 19 - P's Ex. Q; *Student Doe v. Trump*, 25-cv-4188, 9-10 (N.D. IL-SLE) May 8, 2025) (discussing Watson testimony and inadequacy of review).
[2] The Court should assume when deciding this motion that all acts complained of and materials cited in the Complaint are as they existed at the time of the Complaint, unless specifically noted otherwise.
[3] The duration of status parole depends upon an active SEVIS record.

9

inapplicable here.[4] ECF 5, at 33. The termination also was *ultra vires* to 8 C.F.R. §214.1(e)-(g) which specifies a very specific conviction for a specific crime of violence, not a traffic ticket or any other crime. ECF 5, at 34-36.

11. The Plaintiffs excel in their academic histories. ECF 5, at ¶¶12-16. Plaintiffs all had a similar background in that they were granted an I-20 to attend university, were cleared and issued a visa, they entered the U.S. and their university, where they maintained status, and did not commit a deportable offence, yet the I-20 was terminated by DHS without notice and process. ECF 5, at ¶¶23-30, and 33-40. Each Plaintiff separately sets forth a specific set of facts to show that the Agency action in their case was unlawful: HAVC, ¶¶43-60; ST, ¶¶61-76; AG, ¶¶77-91; JDSW, ¶¶92-102; MAVV, ¶¶103-113; Collective, ¶¶114-118.

12. On April 23, 2025, Plaintiffs filed their motion for a Temporary Restraining Order and Preliminary Injunction. ECF 11 through 11-17. Defendants were notified by service on the U.S. Attorney of the motion and exhibits, summons, and amended complaint. On April 26-27, 2025, the plaintiffs received notice from their DSO that SEVIS records were reactivated by the DHS. ECF 38, at 1-2; TR 2:25-3:1 (Apr. 28, 2025). In this case the government first stated that they reset the SEVIS records to active with no history of the termination showing in the record, but that was not true. ECF 17, and 18, at ¶16. The fact that the notation is not viewable by school DSOs or other agencies undermines the very assurance the government claims to provide.

---

[4] Termination is done without statutory authority when termination is not done pursuant to the reasons stated under this regulation. 8 C.F.R. §214.1(d). *Jie Fang v. Director USICE*, 935 F. 3d 172, n. 100 (3rd Circuit 2019).

ECF 22 (Dec'l. James Hicks ¶ 6). Retroactivity in name only is not redress. The Court ordered the defendants to enter a notation in the record that the reinstatement is retroactive. ECF 28. They did so but it remains viewable only by DHS/HSI in SEVP, not by end users. While DHS states the systems limitations require this, the 2021 report to Congress implies that all systems should reflect the same information. *Annual Report to Congress,* 62, Grading DHS's Support of International Student Programs (June 2021) (DSO's serve as intermediaries to ensure SEVIS and USCIS databases are accurate and reflective of one another); see also, *DHS/ICE/PIA-001(c),* 11 (June 15, 2017) (SEVP Portal and SPITS systems are configured so that when information updates in one system it will automatically update in the other and vice versa. Identifies numerous coordinating systems and states corrections can be made)[5].

13. It is noted in the CBP Inspector's Field Manual, 186-187 (AILA 2007) that SEVIS terminations are entered into NAILS lookout system – plaintiffs' names should be removed from NAILS having been entered based on the unlawful terminations of their SEVIS record.

## V. THE CONDUCT IS CAPABLE OF REPITITION EVADING REVIEW

14. The government's retroactive "reset" of Plaintiffs' SEVIS records, while procedurally welcome, does not moot the controversy. *Friends of the Earth v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189 (2000). The government "bears the formidable

---

[5] *Id.,* at 14-16 Identifying the several systems and how they are utilized – SEVP Portal, SPITS, SETA, SEVIS-SEVPAMS Interconnection, SEVPAMS Inquiry Tracking.

burden of showing that it is absolutely clear the alleged wrongful behavior could not reasonably expected to recur," *Id*. The termination history remains in the event log accessible to adjudicators and background check systems and continues to taint Plaintiffs' record. In *Fikre v. FBI,* 601 U.S. 234, 241 (2024), the Court found that changing course mid-litigation does not moot a case because they cannot prove that their conduct is not likely to recur. In our case the SEVIS record is not viewable by end users such as CBP, USCIS, and Designated School Officials (DSO) who cannot see the entry stating retroactive reinstatement, indeed the record continues to show a clear gap in the history. ECF 38; ECF 39-2 (sealed exhibit). In a case similar to this one the parties agreed to settle by joint stipulation of dismissal. *Shah, et al. v. Lyon,* 4:2025-cv-03549, ECF 31 (N.D. CA 2025). Nonetheless, when a plaintiff in that case filed for Optional Practical Training (OPT) he received a request for evidence (RFE) from USCIS because the SEVIS record showed he had been identified in a criminal record – the same traffic ticket that was the reason for the unlawful termination leading to the litigation (as stated by his counsel) – the incident caused additional resources of USCIS, that plaintiff, the plaintiff's counsel, and the U.S. Attorney to resolve the issue. The residual consequences of the unlawful termination and their effects should be resolved by the Court, because such limited stipulations as that in *Shah* are ineffective to forgo the false hits that Shah experienced.

15. The Fifth Circuit requires the government to meet strict standards to prevail on mootness theory:

> "[T]he University must meet a "stringent" standard. *Aladdin's Castle*, 455 U.S. at 289 n.10. To begin with, "[m]ere voluntary

12

> cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways." *Id.* (cleaned up). The University must additionally show that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*" *Speech First, Inc. v. McCall,* Case No. 23-50633 (5th Cir. May 15, 2025).

Defendants' voluntary postponement resolved the need for a restraining order. ECF 5, ¶136; ECF 24 (for the reasons indicated during the hearing …); ECF 32-34 (Hearing transcripts). The case is still not moot. The Fifth Circuit noted that "[i]t is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015). Also "residual effects" or "collateral consequences" remain, the case is not moot, rather the voluntary cessation doctrine applies; DHS cannot moot judicial review by changing course mid-litigation, nor can they show that the conduct is not likely to recur. DHS' own updated guidance calls for the immediate termination of SEVIS records without notice or the opportunity to respond when DHS identifies what they deem grounds to terminate[6]. ECF 19-2. The Court should deny the defendants' motion.

## VI. REDRESSABILITY IS NOT ELIMINATED BY TECHNICAL LIMITATIONS

16. The technical limitations of the SEVIS system do not extinguish the power of this Court to declare rights under the *APA* and the *Constitution*. *Jie Fang v. ICE*, 935

---

[6] Plaintiffs are not at this time contesting the new policy but raise its existence to show that the defendants cannot adequately show that their conduct is not likely to recur. Plaintiffs fully reserve their right to contests the validity of the new policy should it be applied to them.

F.3d 172, 185 (3d Cir. 2019) (*APA* relief is appropriate despite system constraints in there being no review available in immigration court for the collateral SEVIS terminations). ECF 5, ¶42 The actual injury is redressable. Plaintiffs request a declaration that the terminations were unlawful. ECF 5, ¶¶121-122. Plaintiffs request a court order compelling DHS to amend its recordkeeping policies to prevent future unlawful status terminations without process. ECF 5, at p. 26 g. Because of the notation as a Criminal on the record showing the unlawful termination of status, the Plaintiffs continue to suffer stigma and harm.

## VII.   DUE PROCESS CLAIMS ARE STILL LIVE AND REDRESSABLE

17. All people present in the United States are entitled to be free from deprivation of life, liberty, or property without due process of law under the Fifth Amendment. *Matthews v. Diaz,* 426 U.S. 67, 77-78 (1976) (internal cites omitted). It is clear that a district court has jurisdiction under 28 U.S.C. §1346; and sovereign immunity is waived under 28 U.S.C. § 1346(a)(2) - the Little Tucker Act, to consider a constitutional claim by a petitioner where the amount in controversy does not exceed $10,000.00 (not specifically cited), ECF 5, ¶9. *United States v. Mitchell*, 463 U.S. 206, 212 & n. 10, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Fifth Amendment violation. *Humphries v. Various Federal USINS Employees*, 164 F. 3d 936 (5th Cir. 1999). The government has not disputed the core allegation: that SEVIS terminations occurred without notice or opportunity to respond, or that doing so caused injury to the plaintiffs. These terminations triggered immediate loss of employment and academic standing, as well as, extreme anxiety with continued fear that their futures will be

upended without adequate cause. ECF 5. Procedural due process applies when the government terminates a previously conferred benefit with legal consequences while ignoring the regulatory procedures. *U.S. ex rel. Accardi v. Shaunessy,* 347 U.S.260, 266-267 (1954), overturned on other grounds. The complaint pleads deprivation of a property interest—continued lawful presence and authorized employment—without process, in violation of the Fifth Amendment, even where as previously noted, the agency took action in response to the Complaint and temporarily abated its action, such claims are not moot, they are redressable. *Perry v. Sindermann*, 408 U.S. 593, 601–03 (1972).

## XVIII.   DECLARATORY RELIEF IS AN IMPORTANT TOOL IN APA ACTIONS

18.  Plaintiffs also filed a *declaratory judgment action* (*DJA*) pursuant to 28 U.S.C. §§2201-2202. The *DJA* allows for a declaration of rights whether or not further relief could be sought even where the party did not request specific relief. *Ins. Servcs. Of Beaufort v. Aetna Cas. Ins. And Sur.,* 966 F.2d 847, 851-852 (4th Cir. 1992). "The power of the Court to give complete and effectual relief is well established" and when declaring rights in an equity action can award damages. *Id.* 5 U.S.C. §703 provides in relevant part:

> "The **form of proceeding for judicial review** is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, **any applicable form of legal action**, **including actions for declaratory judgments** or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction." (bold added).

19.  5 U.S.C. §706 provides in relevant part:

15

> "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions,
>
> …
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
>   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>   (B) contrary to constitutional right, power, privilege, or immunity;
>   (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>   (D) without observance of procedure required by law;
>   (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>   (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court."

20. The request for a declaration that the terminations were unlawful goes to the heart of the *APA* claims. 28 U.S.C. §2201-2202 ("In a case of actual controversy the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.)" *Sherwin-Williams v. Holmes City*, 343 F.3d 383, 387 (5th Cir. 2003), reversing the dismissal and remanding because the complaint raised federal questions that the Court could review. "In the present case, actual controversy exists among the parties, so the matter is justiciable. *Id.*" *Manzo-Hernandez v. Juarez*, No. 5:20-CV-95, ECF 28, at 7 (S.D. Tex. Nov. 12, 2020).

21. In *Sherwin-Williams Co. v. Holmes City,* the plaintiff sought a DJA in anticipation of a state law claim, the Court stated "[f]ederalism and comity concerns weigh in favor of the federal court exercising its discretion to decide this case. There was no pending parallel state proceeding and the declaratory judgment complaint

16

raised federal questions, making it appropriate for federal court.", 343 F.3d 383 (5th Cir. 2003) (Reversing and remanding).

22. Defendants' numerous cited cases are not dispositive, all involve jurisdiction in cases where there was either a State law claim dispute and removal to State Court, or a separate State law case (*St. Paul Ins. Co. v. Trejo* , *Wilton v. Seven Falls Co., Brillhart v. Excess Ins. Co. of Am.*; *Canal Indem. Co. v. Wilburn Container X-Press, Inc., Society of Separationists, Inc. v. Herman* (action for injunctive relief against a State Judge who is immune from suit, quoting *Eccles*)) they are not the basis for a decision in this particular case. The statutes, 5 U.S.C. §701, *et seq.*, under which the claims are brought confer jurisdiction under §§2201-2202. The denial based on an issue of law is reviewed de novo. *Ins. Servcs. Of Beaufort v. Aetna Cas. Ins. And Sur.,* 966 F.2d 852. To award damages the Court should hold a hearing in damages. *United Teachers Assoc. v. Union Labor Life Ins.,* 414 F.3d 558, 569-570 (5th Cir. 2005).

23. Relief under §2201 is particularly appropriate when the defendant is a government agency and no adequate alternative remedy exists. See *Franklin v. Massachusetts*, 505 U.S. 788, 803, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992) (not deciding as to the president, finding "the injury alleged is likely to be redressed by declaratory relief against the Secretary alone. See *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 75, n. 20, 98 S.Ct. 2620, 2631, n. 20, 57 L.Ed.2d 595 (1978); *Allen v. Wright, supra,* 468 U.S., at 752, 104 S.Ct., at 3325.") The continued presence of the termination notation in the SEVIS event log and DHS's refusal to amend its policy of providing no notice confirm that declaratory relief would

17

have utility in this case. The Court should exercise its discretion in plaintiffs' favor and deny the motion to dismiss.

## IX. CONCLUSION

Defendants' motion to dismiss should be denied. Plaintiffs continue to suffer harm from an unlawful agency action that was taken without notice or the process required, and in excess of statutory authority and assertion of SEVIS termination authority without a basis in law or fact. This Court retains jurisdiction and should permit the claims to proceed.

Date: July 7, 2025

Respectfully submitted,

/s/ Marlene A. Dougherty
Marlene A. Dougherty
Tex. Bar No. 24095181
Fed. Id. 38412
*Attorney for Plaintiffs*

Law Office of Marlene A. Dougherty
314 E. 8th Street
Brownsville, Texas 78520
(956) 542-7108
marlene@mdjdl80.com

**VERIFICATION BY UNSWORN DECLARATION**

Pursuant to 28 § 1746 I, Marlene A. Dougherty, certify under penalty of perjury that the specific facts set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, I

18

certify that I believe the same to be true. On July 7, 2025, Brownsville, Texas. An original signature is maintained in counsel's file.

                                              /s/ Marlene A. Dougherty
Marlene A. Dougherty
Tex. Bar No. 24095181
Fed. Id. 38412
*Attorney for Plaintiffs*

Law Office of Marlene A. Dougherty
314 E. 8th Street
Brownsville, Texas 78520
(956) 542-7108
marlene@mdjdl80.com